# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| METROPCS, A BRAND OF T-MOBILE USA, INC, A DELAWARE CORPORATION | § § § § | Civil Action No. 4:16-CV-00283-ALM |
| | § | Judge Mazzant |
| v. | § § | |
| MYNEXTCELLULAR, LLC, A TEXAS LIMITED LIABILITY COMPANY; ELTON CHAU, ANUJ SHAH | § § § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant Elton Chau and Anuj Shah's Motion to Dismiss (Dkt. #11). Having considered the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiff T-Mobile USA, Inc. ("Plaintiff") sells wireless handsets under its brand MetroPCS for use with MetroPCS service on the T-Mobile wireless network. On May 3, 2016, Plaintiff filed an Amended Complaint against MyNextCellular, LLC, Elton Chau, and Anuj Shah (collectively, "Defendants") alleging that Defendants fraudulently acquired and resold MetroPCS handsets. Specifically, Plaintiffs allege that:

> Defendants traffic illicitly-obtained new MetroPCS Handsets in bulk for resale. MetroPCS uncovered Defendants' activities when MyNextCellular advertised to sell 200 new, unlocked Samsung Galaxy Core Prime Handsets on ww.cellpex.com . . . On September 2, 2015, an undercover investigator for MetroPCS contacted telephone number 469-734-XXXX via text message to inquire about the Handsets. Defendants confirmed that these were MetroPCS Handsets by sending a photograph of the Handsets in their original MetroPCS boxes . . . Defendants later informed MetroPCS' investigator that they had sold the 200 unlocked new MetroPCS Handsets to another buyer. On information and belief, the 200 unlocked MetroPCS Handsets were not acquired or resold with the intent that they be used for a legitimate purpose, activated or maintained as active on MetroPCS' service, and the Handsets were not acquired or used in accordance with the Terms and Conditions governing the Handsets.

(Dkt. #4 at pp. 10–11). Plaintiffs' Amended Complaint alleges that Defendants are liable for (1) unfair competition; (2) tortious interference with business relations; (3) tortious interference with contractual relations; (4) conspiracy to commit fraud and fraudulent misrepresentation; (5) unjust enrichment; (6) common law fraud and fraudulent misrepresentation; (7) conspiracy to induce breach of contract; (8) federal trademark infringement; (9) federal common law trademark infringement and false advertising; (10) contributory trademark infringement; and (11) conversion.

On July 8, 2016, pro se Defendants Elton Chau and Anuj Shah filed a one page Motion to Dismiss contesting the factual allegations in the Amended Complaint (Dkt. #11). On July 22, 2016, Plaintiff filed a response (Dkt. #21).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court

must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ANALYSIS

Here, Defendants challenge the factual allegations in the Amended Complaint and do not state how any of the claims alleged fail to state a claim for which relief may be granted. At the motion to dismiss stage, the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. The Court finds that Plaintiff has stated plausible claims for the purpose of defeating a Rule 12 motion to dismiss.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss (Dkt. #11) is hereby **DENIED.**

**SIGNED this 2nd day of December, 2016.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE