# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| METROPCS, a brand of T-MOBILE USA, § <br> Inc., a Delaware Corporation § <br> § <br> V. § <br> § <br> MYNEXTCELLULAR, LLC, a Texas § <br> Limited Liability Company; ELTON CHAU; § <br> and ANUJ SHAH § | CASE NO. 4:16-CV-283 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Strike and for Entry of Default (Dkt. #35). Having considered the relevant pleadings, the Court finds that the motion should be denied.

On May 2, 2016, Plaintiff filed a Complaint for Damages and Injunctive Relief against Defendants. On December 21, 2016, Plaintiff filed a Motion for Entry of Default Against Defendants Elton Chau and Anuj Shah pursuant to Fed. R. Civ. P. 55(b)(2) (Dkt. #29). On January 31, 2017, Plaintiff filed a Motion to Strike and for Entry of Default (Dkt. #35). Plaintiff seeks to strike Defendants' January 24, 2017 letter (Dkt. #33), asserting that this document is not an answer. The Court agrees that Document 33 is not an answer, and the docket reflects that this pleading was treated as a response to the motion for default. Plaintiff again seeks entry of default against these Defendants.

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or

otherwise. Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

In this case, Plaintiff has not requested a Clerk's Entry of Default. Instead, Plaintiff filed a Motion for Entry of Default pursuant to Rule 55(b)(2) (a default judgment entered by the court) (Dkt. #29). Plaintiff then filed a Motion to Strike and for Entry of Default (Dkt. #35). Based upon these facts, Plaintiff is not entitled to default judgment at this time. Plaintiff must request an entry of default from the Clerk's Office.

It is therefore **ORDERED** that Plaintiff's Motion to Strike and for Entry of Default (Dkt. #35) is hereby **DENIED**.

**SIGNED this 4th day of April, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE