**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **METROPCS, a brand of T-MOBILE USA, Inc., a Delaware Corporation,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Case No. 4:16CV283-ALM-KPJ** |
| **MYNEXTCELLULAR, LLC, a Texas Limited Liability Company; ELTON CHAU; and ANUJ SHAH,** | § § § § | |
| **Defendants.** | § § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff T-Mobile USA, Inc.'s, for itself and its MetroPCS brand ("MetroPCS" or "Plaintiff"), Motion for Final Judgment and Permanent Injunction Against Defendant MyNextCellular, LLC and Incorporated Memorandum of Law (Dkt. 83). Plaintiff seeks an entry of final default judgment against Defendant MyNextCellular, LLC ("MyNextCellular") based on MyNextCellular's failure to file or serve an answer or otherwise respond to Plaintiff's Complaint. As set forth below, the Court finds the motion (Dkt. 83) should be **GRANTED**.

## I. BACKGROUND

Plaintiff brought the above-captioned lawsuit against Defendants MyNextCellular, Elton Chau ("Chau"), and Anuj Shah ("Shah") (collectively, "Defendants"). Defendants Chau and Shah, the owners and managers of Defendant MyNextCellular, have entered into a voluntary settlement agreement with Plaintiff, and final judgment against them is pending.

MetroPCS's Complaint for Damages and Injunctive Relief was filed on May 2, 2016. *See* Dkt. 1. An Amended Complaint was filed on May 3, 2016. *See* Dkt. 4. On June 20, 2016, Defendant MyNextCellular was served with the summons and complaint. *See* Dkt. 20. Thus, pursuant to Fed. R. Civ. P. 12(a)(1)(A), Defendant MyNextCellular's response to MetroPCS's complaint was due on or before July 11, 2016. To date, Defendant MyNextCellular has not responded to the complaint, nor has an attorney appeared to represent it in this action as required by law.[1] As a result, on September 6, 2016, the Clerk of the Court entered default against Defendant MyNextCellular for failure to answer the complaint. *See* Dkts. 25 and 26.

According to Plaintiff, it filed this action as part of a nationwide effort to stop Defendants and other co-conspirators from engaging in schemes to profit through unlawful activities that cause Plaintiff substantial financial losses. *See* Dkt. 83 at 2. Plaintiff's Complaint (Dkt. 4) alleges that Defendants engaged in, and knowingly facilitated others to engage in, unlawful business practices involving the unauthorized and deceptive bulk purchase and resale of MetroPCS wireless handsets ("MetroPCS Handsets" or "Handsets").

Plaintiff asserts that Defendant MyNextCellular is not an authorized MetroPCS dealer and has no legitimate connection to MetroPCS. Dkt. 4 at ¶ 34. Plaintiff alleges that Defendant MyNextCellular, through its principals, Defendants Chau and Shah, trafficked illicitly-obtained new MetroPCS Handsets in bulk for resale and the trafficking of protected and confidential computer passwords, and the willful infringement of Plaintiff's trademarks (collectively, the "Handset Theft and Trafficking Scheme" or the "Scheme"). MetroPCS uncovered Defendants' Scheme when MyNextCellular advertised to sell two hundred (200) new, unlocked Samsung

---

[1]    It is well-settled law that corporations and other entities—including a limited liability corporation such as the case here—cannot appear *pro se* in federal court; it must appear through licensed counsel. See Rowland v. California Men's Colony, 506 U.S. 194 (1993); *Southwest Express Co. v. ICC*, 670 F.2d 53, 55 (5th Cir.1982); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004).

Galaxy Core Prime Handsets on www.cellpex.com. *Id.* at ¶ 35. An undercover investigator for MetroPCS contacted MyNextCellular and confirmed that the handsets advertised for sale by MyNextCellular were, in fact, MetroPCS Handsets. Plaintiff's investigator attempted to buy a sample of the Handsets from MyNextCellular to investigate their origins, but before the sale could be completed, MyNextCellular told the investigator it had already sold the Handsets to another buyer. *Id.* at ¶¶ 36-37.

Plaintiff alleges the MetroPCS Handsets advertised for sale by MyNextCellular were not acquired or resold with the intent that they be used for a legitimate purpose, were not activated or maintained as active on MetroPCS's service, and were not acquired or used in accordance with the Terms and Conditions governing the Handsets. *See id.* at ¶ 37. Thus, according to Plaintiff, Defendant MyNextCellular profited at MetroPCS's expense by illegally acquiring and reselling new MetroPCS Handsets with no intention of connecting the Handsets on the MetroPCS network, thereby stealing the financial investment MetroPCS makes in its Handsets. *See* Dkt. 83 at 2. In addition to robbing MetroPCS of its financial investment in its Handsets activities, MetroPCS alleges it was further harmed by paying dealer commissions on the Handsets trafficked by MyNextCellular, and from lost sales and market expenses and lost expected customer revenue. *Id.* Additionally, Plaintiff alleges that Defendant MyNextCellular's misconduct caused harm to MetroPCS and its relationships with its customers, dealers, and others, as well as damage to MetroPCS's brand, image, and reputation. *Id.*

## II.    LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for securing a default

judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk of the court for a default judgment after an entry of default. FED. R. CIV. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

## III.   ANALYSIS

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1338 because MetroPCS's claims for violation of the United States Trademark Act, Title 15 of the United States Code, arise under federal law and because diversity exists between the parties and the amount in controversy exceeds $75,000.00 exclusive of costs, fees, and interest. *See* Dkt. 4 at ¶ 14. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy. *Id.* The Court has personal jurisdiction over Defendant MyNextCellular because it is a Texas corporation doing business in Texas. *Id.* at ¶ 15. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. *Id.* at ¶ 16.

According to the record in this case, Plaintiff's Complaint against Defendant MyNextCellular was served according to law, and proof of service was returned to the Clerk of the Court where it remained on file for the time required by law. The Court finds that Defendant MyNextCellular has failed to answer or otherwise respond within the time required, and the Clerk of the Court has made an entry of default. The procedural requirements of Rule 55 have

therefore been satisfied such that the Court may properly consider default. The Court also finds that Plaintiff's Complaint pleads sufficiently its cause of action outlined above.

In support of its motion, Plaintiff submits the Declaration of John Neil ("Neil"), Vice President of Field Operations and Financial Control of MetroPCS (*see* Dkt. 83-1); the Declaration of Stuart Drobny ("Drobny"), President of Stumar Investigations, a licensed private investigative firm (*see* Dkt. 83-2); and the Declaration of Stacey K. Sutton ('Sutton"), a shareholder in Carlton Fields Jorden Burt, P.A., the law firm representing Plaintiff (*see* Dkt. 83-3). Neil's Declaration establishes that under the MetroPCS business model, MetroPCS is able to offer its Handsets to customers at reduced prices based on its ability to recoup the initial investment of $679.00 per Handset through revenue earned on the sale of MetroPCS voice, text, and data services. *See* Dkt. 83-1. When a new Handset is unlawfully trafficked, MetroPCS loses not only its initial investment, but also its expected profits. *Id*. Neil estimates the losses attributable to the Handset Theft and Trafficking Scheme is at least $135,800.00 (200 Handsets times $679.00). *Id*.

Drobny's Declaration establishes the details of the investigation that identified, and ultimately confirmed, Defendants' Scheme to illegally traffic MetroPCS Handsets, as well as the costs associated with said investigation. *See* Dkt. 83-2. The total investigative costs were $10,754.60. *Id*. Sutton's Declaration establishes the attorneys' fees and costs associated with the filing and prosecution of this lawsuit. *See* Dkt. 83-3. The total fees were $124,538.37. *Id*. The Court finds both the investigative activities and the legal services provided, as well as the costs arising therefrom, are reasonable and necessary under the circumstances.

Based on the uncontested record, the Court finds that the allegations in the Complaint are admitted as to Defendant MyNextCellular as a result of MyNext Cellular's default in this action.

*See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Defendant MyNextCellular has not participated in the litigation, despite notice of the lawsuit.

*Iowa State Univ. Research Found., Inc. v. Greater Continents, Inc.*, 81 F. App'x. 344, 348 (Fed.

Cir. 2003) (holding that the district court did not abuse its discretion in entering default judgment

where defendant "delayed the proceedings by choosing not to respond to the complaint or the

court order.").

Based on the record before it, the Court makes the following findings:

1. The Court has jurisdiction over Defendant MyNextCellular and over all of the claims set forth in MetroPCS's Complaint;

2. MetroPCS has the right to use and enforce rights in the standard character and stylized MetroPCS® mark (collectively, the "MetroPCS Marks").[2] MetroPCS uses the MetroPCS Marks on, and in connection with, its telecommunications products and services. The MetroPCS Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with MetroPCS;

3. The Terms and Conditions and the language in and on the packaging constitute a valid and binding contract enforceable between MetroPCS and each of its customers. The Terms and Conditions set forth certain rights and restrictions on the use of MetroPCS Handsets. Among other things, the Terms and Conditions: (a) require that the customer pay applicable service charges and other related fees; (b) indicate that the Handset is designed to be activated on the MetroPCS network; (c) prohibit resale of MetroPCS Handsets and related products and services for profit; and (d) prohibit using the Handsets for a purpose that could damage or adversely affect MetroPCS;

4. The conduct set forth in Plaintiff's Complaint constitutes violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising). The conduct also constitutes unfair competition, tortious interference with business relations, tortious interference with contractual relations, conspiracy to commit fraud and fraudulent misrepresentation, unjust enrichment, common law fraud and fraudulent misrepresentation, conspiracy to induce breach of contract, contributory trademark infringement, and conversion;

---

[2] The MetroPCS Marks are depicted in paragraph 2 of Plaintiff's proposed final judgment. *See* Dkt. 83-4.

5. MetroPCS has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendant MyNextCellular's conduct. Upon review and consideration of all relevant factors, MetroPCS is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

6. Damages against MyNextCellular in the amount of Two Million Dollars ($2,000,000.00) are appropriate in this case based on the admissions and stipulations of MyNextCellular's principals, Defendants Shah and Chau.[3]

*See* Dkt. 83-4.

## IV.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that Plaintiff's Motion for Final Judgment and Permanent Injunction Against Defendant MyNextCellular, LLC (Dkt. 83), be **GRANTED**, and final judgment be entered in favor of Plaintiff and against Defendant MyNextCellular on all of the claims set forth in Plaintiff's Complaint. Specifically:

1. Damages in the principal amount of Two Million Dollars ($2,000,000.00), which shall bear interest at the legal rate, for which let execution issue forthwith.

2. For all T-Mobile brands now and in the future, Defendant MyNextCellular and all of its past and present agents, officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, companies, agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for them or on their behalf, including, but not limited to, any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendant MyNextCellular or its representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendant MyNextCellular who receive notice of this Order, shall be and hereby are **PERMANENTLY ENJOINED** from:

   a. acquiring, purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any new Handsets;

   b. supplying Handsets to or facilitating or in any way assisting other persons or entities who Defendant MyNextCellular knows, or should know, are engaged in the purchase or sale of Handsets or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in the Handsets;

---

[3] *See* Dkts. 67 and 67-1, at ¶ 6; *see also* Dkt. 81 at 8:4-22, 9:16-21, 10:3-7, 11:2-8.

c. acquiring, advertising or reselling MetroPCS or T-Mobile services;

d. engaging in any of the conduct described in the Complaint as the "Handset Theft and Trafficking Scheme;"

e. accessing MetroPCS's or T-Mobile's computer networks either directly or through a MetroPCS or T-Mobile representative or customer or a third party;

f. supplying Handsets to, or facilitating, or in any way assisting, other persons or entities who Defendant MyNextCellular knows, or should know, are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of Handsets;

g. knowingly using the MetroPCS Marks or any other trademark, service mark, trade name and/or trade dress now or used by MetroPCS now or in the future, or that is likely to cause confusion with MetroPCS's Marks, without MetroPCS's prior written authorization;

h. holding itself out as being associated with, employed by or on behalf of, or acting as an agent, representative or authorized partner of MetroPCS; and

i. advertising any products or services that have any purported connection to MetroPCS or any of MetroPCS's affiliates.

3. The acquisition, sale or shipment of any new Handsets within and/or outside of the continental United States without Plaintiff's prior written consent is and shall be deemed a presumptive violation of this permanent injunction;

4. The registered corporate address of Defendant MyNextCellular, LLC is 1805 Copper Creek Drive, Plano, Texas 75075-2117;

5. Defendant MyNextCellular waives any and all rights to challenge the validity of the Final Judgment in this Court or in any other court, and specifically waives its right of appeal from the entry of the Final Judgment;

6. The Court retains jurisdiction over this matter and the parties to this action to enter an award of damages against Defendant MyNextCellular and to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to Plaintiff in an amount of Five Thousand Dollars ($5,000.00) for each new Handset that Defendant MyNextCellular is found to have acquired, purchased, sold and/or unlocked in violation of this Injunction. The Court finds that these amounts are compensatory and will serve to compensate Plaintiff for its losses in the event Defendant MyNextCellular violates the terms of the recommended final judgment;

7. The acts of Defendant MyNextCellular render it indebted to MetroPCS for money and property, including without limitation, illegally acquired new Handsets and proceeds from Defendant MyNextCellular's resale of those Handsets, which Defendant MyNextCellular obtained by false pretenses, by false representation, and/or by actual fraud, and therefore this judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A); and

8. The acts of Defendant MyNextCellular constitute willful and malicious injury by Defendant MyNextCellular to MetroPCS and/or the property of MetroPCS, including MetroPCS Handsets, MetroPCS's federally-registered trademarks and MetroPCS's image and reputation, as a result of Defendant MyNextCellular's admitted and continuing participation in the Scheme, and therefore this judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 8th day of September, 2017.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE